HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORI MURRAY,

    Plaintiff,

v.

ETHICON, INC., AND JOHNSON & JOHNSON,

    Defendants.

Case No. 2:20-cv-01059-RAJ

**ORDER ON SEPTEMBER 3, 2020 TELEPHONE CONFERENCE**

Part of a multidistrict litigation in the Southern District of West Virginia, this matter was one of many cases constituting the "Ethicon MDL" (MDL 2327). Dkt. # 52. Months ago, this matter was transferred to this district and assigned to this Court. *Id.* The Court ordered the parties to submit a joint status report setting forth the expected date and length of trial. Dkt. # 79. The parties filed that joint status report, Dkt. # 80, and the Court held a telephone conference today, September 3, 2020, to discuss the contents of that report.

At the telephone conference, the Court heard from the parties and set forth several deadlines that the Court repeats here.

| | |
|---|---|
| Deadline to File Amended Complaint | September 24, 2020 |
| Deadline to file Joint Statement | October 5, 2020 |
| **TRIAL (8 days, equally divided among the parties)** | September 5, 2021 at 9:00 A.M. |

ORDER – 1

A few points of clarification:  First, the parties' joint statement due on October 5, 2020 should identify the following: which Ethicon MDL orders are germane to this case; which portions of the orders are germane to this case; what the parties' positions are on the adoption of those orders; what undecided issues remain for each order; what the parties' positions are on those undecided issues.  The Court will not be restrictive on formatting requirements—how the parties present information requested or whether they choose to include additional information is up to them.  But the purpose of the joint statement is to (a) identify which Ethicon MDL orders the Court should incorporate here and (b) rule on undecided, pending, and case-specific issues, thereby eliminating or mitigating the need to re-file motions.  The parties must strive to meet that purpose.

Second, as explained at the conference, the Court will not reopen discovery at this time.  That said, the parties agree that some discovery still needs to be taken, specifically those items set forth on page 11 of the joint status report.  Dkt. # 80 at 11.  At the hearing, the parties clarified that those items are supplemental in nature and do not require the Court to reopen discovery.  Thus, the parties are permitted to conduct the discovery that they explicitly agreed on in page 11 of the joint status report, but discovery will be open no further.  Any additional discovery sought will require leave of court.

Finally, after filing their joint statement, the parties must contact the courtroom deputy to schedule a follow-up telephone conference.

DATED this 3rd day of September, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 2