UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI MURRAY, <br><br> Plaintiff, <br><br> v. <br><br> ETHICON, INC., JOHNSON & JOHNSON, <br><br> Defendants. | CASE NO. C20-1059 BHS <br><br> ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS |

This matter comes before the Court on Defendants Ethicon, Inc. and Johnson & Johnson's (collectively "Defendants") partial motion to dismiss. Dkt. 86.

This case originates out of the multidistrict litigation *In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation*, No. 2327. On June 18, 2015, Plaintiff Lori Murray filed a short form complaint against Defendants in bringing claims arising out of the surgical implant of a TVT-Exact medical device. Dkt. 1. While still in the MDL, on October 31, 2019, Defendants filed a motion for partial summary. Dkts. 40, 41. On November 11, 2019, Murray responded and did not oppose the dismissal of thirteen causes of action, including negligence, strict liability – manufacturing defect, and three

ORDER - 1

counts of fraud. Dkt. 46 at 2. The MDL court did not rule on Defendants' motion for summary judgment prior to transfer.

On July 9, 2020, the case was transferred from the MDL to this Court.[1] Dkt. 68. Upon transfer, the Court held a telephonic conference with the parties on September 3, 2020. Dkts. 81, 82. During the conference, counsel for Murray requested leave to amend to reconcile Murray's claims and to comply with Washington pleading standards. Counsel stated that Murray did not intend to abandon the failure to warn claims and the design defect claims and that they did not object to the dismissal of the remaining claims. The Court orally ruled that it would dismiss with prejudice the other claims and granted Murray leave to file an amended complaint that narrows down the two specific claims raised during the status conference. *See also* Dkt. 82. On September 24, 2020, Murray filed an amended complaint, bringing claims for negligence (Count I), design defect (Count II), defective manufacturer (Count III), failure to warn (Count IV), and fraud (Count V). Dkt. 84.

On October 15, 2020, Defendants filed the instant partial motion to dismiss Counts I, II, and V pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Murray cannot be permitted to replead claims she previously conceded and abandoned. Dkt. 86. Murray responded, stating that she complied with the Court's order allowing her to file an amended complaint. *See* Dkt. 87 at 8. It is true that the Court granted Murray leave to amend, but the Court clearly stated that Murray could amend her complaint to reconcile the

---

[1] Upon transfer, this case was initially assigned to the Honorable Richard A. Jones but was transferred to this Court on November 23, 2020. Dkt. 90.

1  differences between the short form complaint and Washington law in bringing her failure
2  to warn and design defect claims under the Washington Products Liability Act. The
3  additional claims of negligence, failure to warn, and fraud were improperly brought, and
4  the Court **GRANTS** Defendants' partial motion to dismiss. *See Serpa v. SBC Telecomm.,*
5  *Inc.*, No. 03–4223, 2004 WL 2002444, at *3 (N.D. Cal. Sep. 7, 2004) (striking a newly-
6  asserted claim that was outside the scope of the court's previous order's leave to amend).

**IT IS SO ORDERED.**

Dated this 4th day of January, 2021.

_____
BENJAMIN H. SETTLE
United States District Judge